[Crim. No. 1173.   Third Appellate District.—November 4, 1931.]

THE PEOPLE, Respondent, v. WALTER GROSS, Appellant.

Stahlman & Bennett for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, P. J.—Defendant was convicted of a violation of section 288 of the Penal Code. He made a motion for a new trial, which was denied and judgment was thereupon pronounced. Defendant prosecutes this appeal from the judgment and the order denying him a new trial.

The record reveals these facts: Judgment was pronounced on March 21, 1928. Notice of appeal from the order denying a new trial and the judgment was given and filed on the same day. No attempt was made to comply with section 1247 of the Penal Code until March 27, 1928, which was too late.

█ Section 1247 of the Penal Code provides: "Upon an appeal being taken from any judgment or order of the superior court, . . . in any criminal action or proceeding where such appeal is allowed by law, the defendant . . . must within 5 days, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal is wholly ineffectual and shall be deemed dismissed and the judgment or order may be enforced as if no appeal had been taken."

A compliance with said section 1247 of the Penal Code as it stood when this appeal was taken, is mandatory. (*People* v. *Ali*, 38 Cal. App. 544 [176 Pac. 883].) Therefore, the appeal must be dismissed and it is so ordered. The proposed motion to vacate the judgment is denied.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 19, 1931.